# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| STATE OF KANSAS, BY AND THROUGH THE KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES,<br><br>                      Intervenor-Appellant,<br><br>v.<br><br>SOURCEAMERICAN; LAKEVIEW CENTER, INC.,<br><br>                      Plaintiffs-Appellees<br><br>and<br><br>UNITED STATES DEPARTMENT OF EDUCATION; UNITED STATES DEPARTMENT OF THE ARMY; UNITED STATES DEPARTMENT OF DEFENSE; BETSY DEVOS, in her official capacity as Secretary of Education; MARK T. ESPER, in his official capacity as Secretary of the Army; PATRICK M. SHANAHAN, in his official capacity as Acting Secretary of Defense,<br><br>                      Defendants-Appellees. | Nos. 19-1452, 19-1514 |

## MOTION FOR SEPARATE APPELLEE BRIEFS

Pursuant to Local Rule 28(d), the United States of America respectfully moves this Court to permit the United States and the private plaintiffs to file separate full-length briefs. Plaintiffs-Appellees and Intervenor-Defendant have

both authorized the undersigned counsel to represent they consent to this motion.

1. This case arises out of an arbitration proceeding convened by the U.S. Department of Education to adjudicate a dispute between the Army and the Kansas Department for Children and Families ("Kansas") over whether the solicitation for a contract for custodial and janitorial services within dining facilities at Fort Riley, Kansas, is within the purview of the Randolph-Sheppard Act (RSA). The Army initially solicited the contract pursuant to the Javits-Wagner-O'Day Act, which provides that contractors for products and services procured by the government must be selected from a list of nonprofit agencies that employ blind and disabled individuals. The arbitration panel decided that this was error and the contract should have been solicited pursuant to the RSA, which provides that licensed blind vendors receive priority for the operation of vending facilities. *See* 20 U.S.C. § 107(b).

2. SourceAmerica and Lakeview Center, Inc.—who would have been awarded the contract under the Javits-Wagner-O'Day Act—filed suit in the U.S. District Court for the Eastern District of Virginia challenging the arbitration panel's decision. The federal government defendants agreed that the panel

erred when it concluded that the contract at issue was covered by the RSA, and Kansas intervened to defend the arbitration panel decision.

3. The district court agreed with plaintiffs and the federal defendants when it concluded that the contract for custodial and janitorial services was not within the purview of the RSA because it was not a contract for "the operation of vending facilities on federal property." 20 U.S.C. § 107(b); *see* 03/15/19 Order. The court found for the intervenor-defendant Kansas on a second argument, however, when it concluded that the Army's decision to switch from a contract that was covered by the RSA to the contract at issue was a "limitation on the placement or operation of a vending facility based on a finding that such placement would adversely affect the interests of the United States" such that it must be "fully justified in writing to the Secretary [of Education.]" 20 U.S.C. § 107(b) (hereinafter "the review requirement").

4. Kansas filed a notice of appeal on the question whether the solicitation should have been conducted pursuant to the RSA. This appeal was docketed as No. 19-1452. The federal government defendants filed a notice of cross-appeal on the question whether the case concerned a limitation on the placement or operation of a vending facility such that the review requirement applied. The cross-appeal was docketed as No. 19-1514. This Court *sua sponte*

3

consolidated the appeals and designated the appellant in Case No. 19-1452, Kansas, as the appellant for purposes of the consolidated appeals. *See* 05/16/19 Order.

5. The United States respectfully requests leave for appellees—the United States defendants and the private plaintiffs (SourceAmerica and Lakeview Center, Inc.)—to each file a separate appellee brief. The Department of Justice is charged with representing the interests of the United States. *See* 28 U.S.C. §§ 517, 518, 519. The arguments to be made by the government must be within the exclusive control of attorneys for the United States. Such concerns apply with particular force in this case, in which the United States defendants addresses the applicability and impact of federal law on the Army's decisions related to federal contracting processes. Moreover, the parties are not in total alignment as the private plaintiffs and the federal government defendants made distinct arguments in district court.

We also ask that the briefs be considered separately for purposes of compliance with the Federal Rules of Appellate Procedure 32(a)(7)(B)(i). As noted, the United States and the private plaintiffs are not entirely in alignment on the issues before the Court and it is appropriate that each appellee be afforded the word limitations generally provided by the Federal Rules.

4

5. The motion is unopposed. Craig Holman, counsel for plaintiffs-appellees SourceAmerica and Lakeview Center, Inc., and Peter Nolan, counsel for intervenor-appellant Kansas, have authorized the government to represent that they consent to the motion.

**CONCLUSION**

For the foregoing reasons, the Court grant leave for the federal government defendants and the private plaintiffs (SourceAmerica and Lakeview Center, Inc.) to each file a separate appellee brief of no more than 14,000 words.

Respectfully submitted,

MARK B. STERN
/s/ *Laura E. Myron*
LAURA E. MYRON
  *Attorneys, Appellate Staff*
  *Civil Division*
  *United States Department of Justice*
  *950 Pennsylvania Avenue, NW, Rm. 7228*
  *Washington, D.C. 20530*
  *(202) 514-4819*

July 2019

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2019, I caused the foregoing Motion to be filed with the Court using the appellate CM/ECF system, which constitutes service on all parties under the Court's rules.

/s/ Laura E. Myron
Laura E. Myron
 *Counsel for Federal Government Defendants*